### Perry Vickers v. The State.

#### No. 2482.  Decided May 28, 1913.

**1.—Murder—Manslaughter—Charge of Court—Defense of Another.**

Where, upon trial of murder, the evidence showed manslaughter and the court's charge on manslaughter did not recognize the right of defendant to act in defense of another as the evidence required, and that adequate cause existed, the same was reversible error.

**2.—Same—Self-defense—Charge of Court—Defense of Another.**

Where, upon trial of murder, the evidence raised the issue that the defendant was acting in defense of his brother and the court in his charge simply submitted the case on self-defense, the same was reversible error.

Appeal from the Criminal District Court of Dallas.  Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*A. S. Baskett*, for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was allotted a term of two years in the penitentiary for manslaughter.

It is shown by the evidence that deceased and others were in a restaurant in the City of Dallas; that there came up a disturbance which resulted in the death of the deceased, Johnson.  Police officers heard some screaming at the restaurant and hurried to the place, and found the deceased, Frank Johnson, injured, cut in several places and bruised on the head.  The bruise on the head was caused by being struck by Pig Vickers with a chair or flat bottom stool.  They reached the point of the trouble within less than five minutes.  Johnson made a statement, which might be conceded as res gestae and possibly a dying declaration, to the effect that Perry Vickers cut him while Pig Vickers held him, and that Pig Vickers struck him with a chair.  This was the testimony connecting appellant criminally with the assault on deceased.  All the

eyewitnesses testified that the deceased was in a row with Pig Vickers, whom he had accused of insulting his, deceased's, wife. They engaged in a personal difficulty, each cutting the other with their knives, and that appellant was called upon by some one in the crowd to separate the combatants and undertook to do so. It is claimed by his testimony that he did not inflict any of the injuries upon deceased. There was another one of the crowd who assisted appellant in separating the parties.

The court charged the jury on murder in both degrees, and appellant was acquitted of both. There is no evidence, so far as this record discloses, that any phase of murder is shown by the facts. In regard to manslaughter, the court charged the jury that an assault made by the deceased with a knife upon the brother of defendant in the presence of the defendant is deemed an adequate cause, and further charged them as follows in this connection: "If you believe from the evidence, beyond a reasonable doubt, that the defendant, with a deadly weapon in a sudden passion aroused by adequate cause, as the same is herein explained, and not in defense of himself against the unlawful attack reasonably producing a rational fear or expectation of death or serious bodily injury, did with the means alleged, strike and cut and stab and thereby killed Frank Johnson, the deceased, as charged in the indictment, you will find the defendant guilty of manslaughter." This charge is criticised and held by appellant in his contention to be erroneous, because it nowhere recognizes the right of defendant to defend his brother, Pig Vickers, but, in effect and in substance, charges the jury that if adequate cause existed, that is, if deceased had assaulted the brother of the defendant with a knife in the presence of defendant, and defendant in a sudden passion killed deceased, to convict him of manslaughter, without reference to whether he acted in the lawful defense of his brother. This charge, it is claimed, practically deprives the defendant of the right to defend his brother, which issue was raised by the evidence. We are of the opinion the criticism is correct. The issue of manslaughter was submitted to the jury only upon the theory that appellant, aroused by adequate cause because of the assault on his brother, had the right to defend himself, and that if he was not defending himself he would be guilty of manslaughter. The issue was that defendant was defending his brother, and the court should have charged the jury more specifically, and especially that if adequate cause existed and defendant came to the rescue of his brother and killed deceased, and not in defense of his brother or himself, either or both, then he might be guilty of manslaughter. But for the fact that this charge impinges the law and erroneously states it in reference to self-defense qualifying manslaughter, it would not have been necessary perhaps to reverse on this proposition, because appellant got the lowest penalty, but the court submitted the issue of manslaughter qualified by self-defense on the theory only that appellant had the right only to defend himself. That was not the issue in the case. The issue was, he was defending his brother. The charge is wrong from that standpoint.

Again, the court submits the law of self-defense mainly upon the issue that defendant had the right to defend himself. While in a confused way he did charge the jury that appellant would have a right to defend his brother the same as himself, yet it is done in that indefinite way which amounts to practically no charge, or a charge so defectively given that it minimizes appellant's right in this respect. Appellant's right of self-defense was not of himself but of his brother. The officers who testified to Frank Johnson's statement—whether it be considered as res gestae or a dying declaration—does not show the incipiency of the difficulty or how it came about. They repeat the statement of Johnson that defendant cut him while his brother, Pig Vickers, held him and hit him with a chair. All the eyewitnesses show appellant was not at the beginning of the difficulty; that he was called in to separate them, and that he and another party did separate them. If, under these circumstances, Pig Vickers struck deceased and defendant jerked him away and separated them, appellant would not be guilty of homicide at all, but if he went into the difficulty for the protection of his brother, and then struck or assisted his brother, Pig, in striking and killing the man, then from his viewpoint he may not have been guilty of anything at all; he may have been justified on self-defense, not in defending himself, but in defending his brother. Again, if when defendant came upon the scene of the trouble, having been informed of the facts, and entered into the trouble and saw his brother under the bottom being cut with a knife, even if he struck with a chair himself he would be justified under defense of his brother. Upon another trial this case should be submitted under the facts as testified, first, that if he was simply separating the parties and did not participate in the trouble with his brother in the homicide, that he would not be guilty of anything, and, second, if coming upon the scene he believed his brother's life was in danger by reason of the facts and conduct of the deceased, Johnson, and he entered into it with his brother for the defense of his brother, then he would not be guilty, but would be justified in defense of his brother. As we understand this record, the issue of self-defense as to defendant in person was not the issue. Johnson had made no attack upon him, but had made an attack with a knife upon his brother, Pig Vickers, and had him down on the floor cutting him with the knife. Without taking up the charges and repeating what was written by the court, the case was tried from the wrong standpoint. The issue of self-defense was made most prominent so far as defendant's right to defend himself was concerned, whereas, it should have been the other way,—that he had the right to defend his brother. That was the issue in this case. The court charged the jury mainly upon the other theory.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*